UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| NATHANIEL D. MILLER, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) Case No. 3:11-CV-051 JD |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Nathaniel D. Miller, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 [DE 1] seeking to challenge his 2008 drug convictions in Allen County Superior Court. *State v. Miller*, 02D04-0704-FB-0048. The Court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

Miller was convicted of various drug offenses following a jury trial and was sentenced to an aggregate term of 10 years in prison. *Miller v. State*, 900 N.E.2d 86 (Ind. Ct. App. 2008). He appealed, challenging the sufficiency of the evidence, and the Indiana Court of Appeals affirmed on December 23, 2008. *Id.* He did not file a petition to transfer with the Indiana Supreme Court [DE 1 at 2]. On October 20, 2010, he filed a petition for post-conviction relief with the LaPorte County Circuit Court [DE 1 at 3; DE 1-1 at 1-2]. Based on the petition and attachments, it appears that the court in LaPorte County transferred the post-conviction petition to Allen County, where it remains pending [DE 1 at 3; DE 1-1 at 7-10].

Miller filed this federal petition on February 1, 2011 [DE 1 at 10]. Although the petition is somewhat confusing, Miller appears to be asserting the same claims he raised in his state post-

conviction petition, namely, that his trial counsel was ineffective, that his conviction was based on evidence obtained in violation of the Fourth Amendment, and that he was denied a "speedy and public trial" in violation of the Sixth Amendment [*see* DE 1 at 5; DE 1-1 at 1-2].

Miller's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Miller does not assert, nor does it appear from a review of the petition, that his claims implicate newly discovered evidence or a newly recognized constitutional right [DE 1]. He also does

not claim that a state-created impediment prevented him from filing his federal petition on time [*Id.* at 9]. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. As stated above, Miller's conviction was affirmed by the Indiana Court of Appeals on December 23, 2008, and so his conviction became final—and the one-year limitations period began running—when the time for seeking review in the Indiana Supreme Court expired 30 days later. *See Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (conviction becomes final when time for seeking further review expires); IND. APP. R. 57(c) (petition for review must be filed within 30 days of adverse decision by appellate court). Miller had until roughly the end of January 2010 to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). He filed this petition in February 2011, more than a year too late.

Miller does not provide any grounds for excusing the untimeliness of his petition, and instead asserts that his petition is timely. In response to Question 16, where the petitioner is asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Miller states as follows:

> This petition is timely under the provisions of 28 U.S.C. [sic] because less than one year has elapsed since the petitioner was denied access to the Writ and the State has waived any affirmative defense and rendering the Writ not available to an individual in custody in violation of the constitution. see 28 U.S.C. 1331 [sic].

[DE 1 at 9]. Although this statement is somewhat confusing, Miller appears to believe that the recent state post-conviction proceeding renders his federal petition timely. This is incorrect. The one-year deadline for filing a federal petition had already expired when Miller filed his state post-conviction petition in October 2010, and "a state proceeding that does not begin until the federal year has expired is irrelevant" for statute of limitation purposes. *De Jesus v. Acevedo*, 567 F.3d 941, 942 (7th Cir. 2009). The state proceeding did not entitle Miller to tolling under 28 U.S.C. § 2244(d), nor did

3

it "restart" the time for seeking federal habeas relief.[1] *Id.* For these reasons, the petition is untimely and must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

When the Court dismisses the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. The petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling, and that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* Each is a threshold inquiry, and the Court need only address one component if that particular showing will resolve the issue. *Id.* at 485. As is fully explained above, Miller's habeas petition was not timely filed. Nothing before the

---

[1] If the state court were to grant Miller's post-conviction petition and order a new trial, Miller would have one year from the date on which the new judgment became final to seek federal review of that conviction. *See Jimenez v. Quarterman*, 555 U.S.—, 129 S. Ct. 681, 686 (2009); *DeJesus*, 567 F.3d at 944. However, the mere "possibility" that the state court may grant such relief on collateral review does not render Miller's conviction non-final. *See Jimenez*, 129 S. Ct. at 686.

Court suggests that jurists of reason could debate the correctness of this procedural ruling. Accordingly, the Court declines to issue a certificate of appealability.

For these reasons, the petition [DE 1] is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the Court DECLINES to issue a certificate of appealability.

SO ORDERED.

ENTERED: February 9, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court